UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY MIDDLETON, individually and on behalf of others similarly situated, on behalf of Amentum 401(k) Retirement Plan, on behalf of DynCorp. International Savings Plan, *et al.*,

Plaintiffs,

v.

AMENTUM GOVERNMENT SERVICES PARENT HOLDINGS, LLC, *et al.*,

Defendants.

Case No. 23-2456-EFM-BGS

**MEMORANDUM AND ORDER GRANTING
MOTION TO AMEND SECOND AMENDED COMPLAINT**

Now before the Court is Plaintiffs' Motion for Leave to Amend the Second Amended Complaint. (Doc. 57.) Defendants oppose the motion as unduly delayed, unduly prejudicial, and futile. (Doc. 62.) For the reasons set forth below, Plaintiffs' Motion to Amend (Doc. 57) is **GRANTED**.

   I.   **Factual Background.**

The currently operative Complaint is a putative class action under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") on behalf of the individually named Plaintiffs as well as the Amentum Plan, the DynCorp Plan ("the Amentum Plan," the "DynCorp Plan," or collectively "the Plans), "and all persons who were and/or are participants in or beneficiaries of either or both" of the Plans. (Doc. 42, at 3.) Plaintiffs bring this case against Defendants, as fiduciaries of the Plans, "for breaches of their fiduciary duties during the Class Period (defined as the six-year period preceding the filing of the original Complaint in this case through the date of judgment)." (*Id.*) The operative Complaint includes the following causes of

action:  1) breach of fiduciary duties as to the Dyn Corp Plan; 2) breach of fiduciary duty as to the Amentum Plan; 3) failure to adequately monitor other fiduciaries as to the DynCorp Plan; and failure to adequately monitor other fiduciaries as to the Amentum Plan.

Plaintiffs allege that Defendants "breached their fiduciary duty of prudence by failing to monitor and control the fees, expenses and costs that each plan incurred and allowed the plans' service providers to charge excessive fees, expenses and costs." (Doc. 57, at 1-2 (citing Doc. 42, at 5, ¶ 16).) Pursuant to § 1104(a)(1) of ERISA, a fiduciary must give substantial consideration to the cost of services and investment options.  "'Wasting beneficiaries' money is imprudent.  In devising and implementing strategies for the investment and management of trust assets, trustees are obligated to minimize costs.'" (Doc. 42, at 4, ¶ 5 (quoting Uniform Prudent Investor Act § 7).) Thus, according to Plaintiffs, "an employer has a significant obligation to consider the fees and expenses paid by [a] plan."  (*Id.*)

Plaintiffs allege that during the Class Period, Defendants "breached the fiduciary duties they owed to the Plans, to Plaintiff, and to other participants and beneficiaries of both plans by failing to adequately monitor and control fees, expenses, and costs, allowing service providers to charge excessive fees, expenses, and costs."  (Doc. 42, at 5, ¶ 16.)  Plaintiff's continue that "Defendants' mismanagement of the Plans cost the Plans and their participants millions of dollars."  (*Id.*)

Plaintiffs have amended their Complaint twice before.  Plaintiffs filed their First Amended Class Action Complaint (Doc. 26) on January 8, 2024, after Defendants filed a Motion to Dismiss the original Complaint (Doc. 20).  This resulted in the District Court finding that Motion to Dismiss to be moot.  (Doc. 28, 2/13/24 text Order.)  Then, on April 18, 2024 – which, according to Defendants was "just days ahead of Defendants' deadline to file a motion to dismiss the First Amended Complaint" (Doc. 62, at n.9) – Plaintiffs filed their Second Amended Complaint (Doc. 42).  Although Defendants consented to Plaintiffs' amending their Complaint a second time,

Defendants now complain that doing so "moot[ed] Defendants' nearly complete" dispositive motion. (Doc. 62, at n.9.)

Defendants filed their Motion to Dismiss Plaintiffs' Second Amended Complaint on May 23, 2024 (Doc. 49), which is currently pending before the District Court. The undersigned held a status conference on June 11, 2024, during which Plaintiffs' counsel suggested an intent to move to amend the Complaint. The Court set the deadline to file any such motion to amend or to file an unopposed Third Amended Complaint by June 27, 2024. On June 27, 2024, Plaintiffs filed the present motion to amend (Doc. 57), which is the subject of this Order. Defendants noted that their pending dispositive motion "again … will be mooted if the Court grants the Motion" to Amend. (Doc. 62, at n.9.)

In the present motion to amend, Plaintiffs seek to "add allegations and claims related to Defendants breach of fiduciary duty of loyalty, among other claims, related to [the Plans'] use of forfeited funds to reduce each company's respective contributions to the plans." (Doc. 57, at 2 (citing Doc. 57-1, Proposed Third Amended Complaint, at ¶¶ 282-302, 325, 338, 351, 363, 367-402).) In Plaintiffs' proposed amended pleading, the breach of fiduciary duty of loyalty causes of action are the fifth and sixth claims alleged (as to the DynCorp Plan and the Amentum Plan, respectively). (*See* Doc. 57-2, at 74-76.) Plaintiffs also propose causes of action alleging prohibited transactions against the DynCorp Plain (claim seven) and the Amentum Plan (claim eight) (*id.*, at 76-78) as well as causes of action for breaches of ERISA's anti-inurement provision against the DynCorp Plan (claim nine) and the Amentum Plan (claim ten) (*id.*, at 78-80). Additionally, Plaintiffs move to amend their existing Counts 1 and 2 (breach of fiduciary duty) and Counts 3 and 4 (failure to monitor) to include allegations relating to forfeiture. Plaintiffs also wish to "clarify" allegations relating to:

> (1) Plaintiff Middleton's investments in the Amentum Plan, relating to Plaintiff Middleton's standing, [Doc. 57-2, at ¶¶ 24-25, 27, 29]; (2)

3

> Vanguard's right to change eligibility requirements for its share classes, relating to Plaintiffs' duty-of-prudence claims, [*id.* at ¶ 204 & n.7]; and (3) the similarities of the Vanguard Institutional Index Fund and the Fidelity 500 Index Fund, also related to Plaintiffs' duty-of-prudence claims, [*id.* at ¶¶ 240-244].

(Doc. 57, at 2.)

Defendants oppose Plaintiffs' requested amendments on the basis of undue prejudice, undue delay, and futility. (*See generally* Doc. 62.) As to the issue of futility, Defendants contend that

> [t]he proposed forfeiture claims must challenge a fiduciary duty allegedly violated by Defendants, which is a threshold requirement to state the ERISA claims that Plaintiffs seek to add here. Here, however, Plaintiffs' allegations make clear that they are complaining about the design of the Plans, which is a settlor – not fiduciary – function, and the upshot of the proposed forfeiture claims is to re-design the terms of the Plans to provide participants a benefit not contained in the Plans. But it is black letter law that a non-fiduciary settlor function cannot give rise to liability for breach of fiduciary duty or the derivative claim for breach of the duty to monitor. Similarly, where the challenged conduct is settlor – not fiduciary – conduct, neither prohibited transaction claims nor an anti-inurement claim can survive.

(*Id.*, at 2.)

## II. Standards for Motions to Amend.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). *See also* Fed. R. Civ. P. 15(a)(2). In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court should only deny leave to amend for reasons such as undue delay, bad faith or dilatory motive on

4

the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010).

The most important of these factors in determining whether to grant a motion to amend a pleading is the prejudice caused to the nonmoving party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). *See also* 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim … , provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991) (internal quotation marks omitted).

The party opposing the motion bears the burden to demonstrate why the amendment should not be permitted. *Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)). In opposing the motion, Defendants raise the issues of undue delay, undue prejudice, and futility. (Doc. 62.) The Court will address each in turn.

### A. Undue Delay.

Plaintiffs assert that they "have not unduly delayed their proposed amendment[.]" (Doc. 57, at 3.) They argue that

> [a]s to delay, the Tenth Circuit 'focuses primarily on the reasons for the delay.' Here, Plaintiffs seek to add forfeiture-related claims just one month after a fellow district court recognized those claims for the first time. The fact that Plaintiffs seek leave to amend just one month after that court held forfeiture-related claims cognizable does not amount to undue delay.

5

(*Id.*, at 4 (referencing *Perez-Cruet v. Qualcomm Inc.*, No. 23-1890, 2024 WL 2702207 (S.D. Cal. May 24, 2024) (other internal citations omitted).)

It is undisputed that the type of forfeiture claim asserted in the proposed amended pleading was first recognized by a federal court approximately a month before Plaintiffs filed their most recent motion to amend. (*See id.*; *see also* Doc. 62, at 13.) Defendants argue, however, that Plaintiffs should have included this type of claim *before* it had been recognized by any federal court because "forfeiture claims have been pending in a number of cases since 2023, with at least ten cases dating back to July 2023, three months before Plaintiffs filed their original complaint."[1] (Doc. 62, at 13.)

Defendants' argument is unpersuasive. The Court will not penalize Plaintiffs for choosing not to include in the prior iterations of their Complaint a claim that had yet to be recognized by any federal court in the United States. The fact that other parties in unrelated litigation in federal courts in California chose to include such claims, though interesting, is irrelevant to the Court's determination of the issue of undue delay in the present case. It is undisputed that upon the cause of action being recognized elsewhere, Plaintiffs promptly moved to amend. The Court finds Plaintiffs' motion for leave to amend should not be denied on the grounds of undue delay.

B.   **Undue Prejudice.**

Defendants next assert that Plaintiffs' delay in "waiting to seek to add the proposed new claims" – a delay that was not undue, *supra* – "would result in prejudice" to them. (Doc. 62, at 14.) The Court acknowledges that allowing Plaintiffs to amend their Complaint will prejudice

---

[1] *Citing Barragan v. Honeywell International Inc. et al*, No. 24-1194 (C.D. Cal) (filed Feb. 13, 2024), thereafter transferred to No. 24-4529 (D.N.J.); *Dimou v. Thermo Fisher Scientific, Inc. et al*, No. 23-1732 (S.D. Cal.) (filed Sept. 19, 2023); *Hutchins v. HP Inc. et al*, No. 5:23-cv-05875 (N.D. Cal.) (filed Nov. 14, 2023); *Matula v. Wells Fargo & Co. et al*, No. 24-3504 (N.D. Cal.) (filed July 11, 2023); *McManus v. The Clorox Co. et al*, 23-5325 (N.D. Cal.) (filed Oct. 18, 2023); *Nado v. John Muir Health et al*, No. 24-1632 (N.D. Cal.) (filed March 15, 2024); *Perez-Cruet v. Qualcomm Inc. et al*, No. 23-1890 (S.D. Cal.) (filed Oct. 16, 2023); *Prattico v. Mattel, Inc. et al*, No. 24-2624 (C.D. Cal.) (filed April 1, 2024); *Rodriguez v. Intuit Inc. et al*, No. 23- 5053 (N.D. Cal.) (filed Oct. 2, 2023); *Yagy v. Tetra Tech, Inc. et al*, No. 24-1394 (C.D. Cal.) (filed Feb. 21, 2024).

Defendants. Many actions taken by a party in litigation prejudices or inconveniences the opposing party. Such is the nature of litigation. *See Davis v. Ethicon, Inc.*, No. 20-2635-HLT-KGG, 2021 WL 4263490, *3 (D. Kan. Sept. 20, 2021) (stating that "[t]he adversarial nature of litigation … results in most actions of an opposing party being prejudicial."). *See also Hirt v. Unified School Dist. No. 287*, 308 F.Supp.3d 1157, 1168 (holding that "[w]hile any amendment invariably causes some 'practical prejudice,' undue prejudice means that the amendment 'would work an injustice to the defendants.'") (citation omitted). As such, the Court must determine if the prejudice caused is *undue*. *Id.*

As discussed above, the potential for undue prejudice is the most important factor for the Court to consider in whether to grant a motion to amend a pleading. *Minter*, 451 F.3df at 1207-08. Defendants describe the nature of the prejudice to them as follows:

> Defendants have drafted three full motions to dismiss with no response from Plaintiffs, who have repeatedly sought to amend their pleadings just before or just after Defendants' filings. Each such filing has required a significant investment in resources by Defendants. If the Court grants Plaintiffs' Motion, Defendants will then need to prepare, brief, and file a fourth motion to dismiss at substantial cost to Defendants.

(Doc. 62, at 14.)

Again, Defendants' argument is unpersuasive. The Court anticipates that Defendants will not be scrubbing the currently pending dispositive motion in its entirety should Plaintiffs be allowed to amend their Complaint. Rather, Defendants will use the majority of that previously-filed motion as a basis for a renewed motion to dismiss.

In their proposed amended pleading, Plaintiffs do not propose a wholesale overhaul of the facts and claims alleged in this lawsuit. As summarized above, they seek to "add allegations and claims related to Defendants breach of fiduciary duty of loyalty, among other claims, related to [the Plans'] use of forfeited funds to reduce each company's respective contributions to the plans." (Doc. 57, at 2 (citations to proposed pleading omitted).) Plaintiffs also wish to "clarify" certain of

their allegations relating to standing, Vanguard's right to change eligibility requirements for its share classes, and the similarities of the Vanguard Institutional Index Fund and the Fidelity 500 Index Fund. (Doc. 57, at 2 (citations to proposed pleading omitted).) Any new dispositive motion filed by Defendants will, most likely, simply add discussion relating to Plaintiffs' proposed additions.

As the party opposing the motion to amend, Defendants have failed to establish that allowing the proposed amendments would be unduly prejudicial to them. *See Painter*, 2020 WL 5016878, at *3 (citation omitted). The Court finds this is not a basis to deny to deny Plaintiffs' motion.

### C.     Futility.

Defendants also argue that the proposed pleading "is futile because [Plaintiffs] cannot satisfy the threshold requirement of alleging that Defendants' conduct violated fiduciary duties." (Doc. 62, at 7.) Once futility of the amendment is asserted, "[t]he proposed pleading is ... analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Causer v. Somers*, No. 18-1221-JWB-GEB, 2020 WL 6742790, at *8 (D. Kan. Nov. 17, 2020). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Williamson v. United Parcel Service, Inc.*, No. 19-2506-KHV-TJJ, 2020 WL 1638063, at *2 (D. Kan. April 2, 2020) (citation omitted). As the party opposing the motion, the burden is on Defendants to establish the futility of Plaintiff's proposed amendment. *Id.* (citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

A court is justified in denying a motion to amend as futile if the non-movant establishes that the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); see 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). "To survive a motion to dismiss, a

8

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citation omitted)).

To be facially plausible, a claim must include sufficient factual matter "'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Suture Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1218 (D. Kan. 2013) (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949). This requires "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). In determining the facial plausibility of an asserted claim, the Court need not consider "conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (citing *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) and *Ogden River Water Users' Ass'n v. Weber Basin Conservancy Dist.*, 238 F.2d 936, 940 (10th Cir. 1956)). That stated, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party." *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D.Kan. Oct. 12, 2010).

On the basis of futility, Defendants argue the proposed changes to the Complaint should not be allowed because the breach of fiduciary duty claims "seek to alter the Plans' design," the forfeiture-related failure-to-modify claims are "derivative" of Plaintiffs' "failed forfeiture-related fiduciary duty claims," Plaintiffs cannot establish that a fiduciary caused the allegedly prohibited transactions at issue in the proposed transactions claims, and the anti-inurement claims "can only be brought against a party acting in its fiduciary capacity." (Doc. 62, at 7-13.)

Plaintiff argues that the proposed amendment is not futile because

> [a]s the court in *Perez-Cruet v. Qualcomm Inc.*[2] held, ERISA-plan fiduciaries may breach their duty of loyalty, among other ERISA provisions, by misapplying forfeited funds because that choice 'put[s] the employer's interests above the interests of the Plan participants.' Further, as this Court noted at the parties' scheduling conference, any futility-related arguments are better addressed in a Rule 12(b)(6) motion to dismiss, not a motion for leave to amend.

(Doc. 57, at 4.)

After reviewing the futility arguments raised by Defendants, the Court finds "it will be most expedient and efficient, consistent with Fed. R. Civ. P. 1," to allow Plaintiffs to file their proposed Third Amended Class Action Complaint. *Prater v. Johnson Co. Comm. College, et al.*, No. 23-2572-EFM-TJJ, 2024 WL 2042158, *3 (D. Kan. June 18, 2024). The Court recognizes Defendants' opportunity to challenge the sufficiency of Plaintiffs' amended pleading through a dispositive motion if they so choose. *See id.* Further, allowing Plaintiff to file the proposed Amended Complaint "'comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)' to address a case on its merits, where Defendants may later challenge the claim … ." *Brez v. Fougera Pharms., Inc.*, No. 16-2576-DDC-GEB, 2017 WL 3267610, *6 (D. Kan. 2017) (citation omitted); *see also Spiehs v. Board of Dir. Of Free Pub. Library of City of Lawrence*, No. 24-4016-JAR-BGS, 2024 WL 2260853, *5 (D. Kan. May 15, 2024).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. 57) is **GRANTED** as more fully set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs, pursuant to D. Kan. Rule 15.1(b), file their Amended Complaint, in form attached to motion, on or before **August 19, 2024**.

**IT IS SO ORDERED**.

Dated August 14, 2024, at Wichita, Kansas.

---

[2] 2024 WL 2702207.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge