## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAY MIDDLETON, *et al.*,

      Plaintiffs,

      v.

Amentum Government Services Parent Holdings
LLC, *et al.*,

      Defendants.

Case No. 24-2456-EFM-BGS

### MEMORANDUM AND ORDER DENYING MOTION TO STAY

The matter come before the Court on the Motion to Stay Discovery (Doc. 80) filed by Defendants Amentum Government Services Parent Holdings LLC, Amentum Benefits Administration Committee, Amentum Retirement & Investment Committee, Tammy Woodman, Greg Robinson, Bob Rudisin, Debbie Bechtel, Angie Myers, Alice McAbee, Matt Stone, Jake Kennedy, Larry Goldman, Ann McRitchie, DynCorp International LLC, The Retirement and Employee Benefit Plans Committee, and Barbara Walker (collectively, "Defendants"). Therein, Defendant asks the Court to stay all discovery until the District Judge decides its pending motion to dismiss (Doc. 71). Plaintiffs Jay Middleton and George Lawrence, individually and on behalf of the Amentum 401(K) Retirement Plan and Dyncorp International Savings Plan, and all others similarly situated ("Plaintiffs") oppose the requested stay. For the reasons discussed herein, the Court **DENIES** the motion to stay.

### I.    Background

Plaintiffs filed their Complaint over a year ago on October 10, 2023. (Doc. 1.) The litigation has been complicated by numerous motions to dismiss filed by Defendants, which have prompted Plaintiffs to amend their Complaint multiple times. The currently operative Complaint, Plaintiffs' Third Amended Class Action Complaint, was filed on August 19, 2024 ("operative Complaint").

1

(Doc. 65.)

### A.    Nature of Claims.

This lawsuit is a putative class action under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") on behalf of the individually named Plaintiffs as well as the Amentum Plan, the DynCorp Plan ("the Amentum Plan," the "DynCorp Plan," or collectively "the Plans), "and all persons who were and/or are participants in or beneficiaries of either or both" of the Plans. (Doc. 65, at 3.) Plaintiffs bring this case against Defendants, as fiduciaries of the Plans, "for breaches of their fiduciary duties during the Class Period (defined as the six-year period preceding the filing of the original Complaint in this case through the date of judgment)." (*Id.*) The operative Complaint includes the following causes of action: 1) breach of ERISA fiduciary duties as to the DynCorp Plan (Count 1); 2) breach of ERISA fiduciary duty as to the Amentum Plan (Count 2); 3) failure to adequately monitor other fiduciaries as to the DynCorp Plan (Count 3); failure to adequately monitor other fiduciaries as to the Amentum Plan (Count 4); breach of fiduciary duty of loyalty as to the DynCorp Plan (Count 5); breach of fiduciary duty of loyalty as to the Amentum Plan (Count 6); prohibited transaction as to the DynCorp Plan (Count 7); prohibited transaction as to the Amentum Plan (Count 8); breach of ERISA's anti-inurement provision as to the DynCorp Plan (Count 9); and breach of ERISA's anti-inurement provision as to the Amentum Plan (Count 10). (*See generally* Doc. 65.)

Plaintiffs allege that, during the Class Period, Defendants "breached the duties they owed to the Plans, to Plaintiff, and to other participants and beneficiaries of both plans by failing to adequately monitor and control fees, expenses, and costs, allowing service providers to charge excessive fees, expenses, and costs." (Doc. 65, at 5, ¶ 16).) Plaintiff's continue that "Defendants' mismanagement of the Plans cost the Plans and their participants millions of dollars." (*Id.*, at ¶ 17.) Pursuant to § 1104(a)(1) of ERISA, a fiduciary must give substantial consideration to the cost of

services and investment options. "'Wasting beneficiaries' money is imprudent. In devising and implementing strategies for the investment and management of trust assets, trustees are obligated to minimize costs.'" (Doc. 65, at 4, ¶ 5 (quoting Uniform Prudent Investor Act § 7).) Thus, according to Plaintiffs, "an employer has a significant obligation to consider the fees and expenses paid by [a] plan." (*Id.*)

**B.    Procedural History.**

Plaintiffs have amended their Complaint three times. Plaintiffs filed their First Amended Class Action Complaint (Doc. 26) on January 8, 2024, after Defendants filed a Motion to Dismiss the original Complaint (Doc. 20). This resulted in the District Court finding that Motion to Dismiss to be moot. (Doc. 28, 2/13/24 text Order.) Then, on April 18, 2024 – which, according to Defendants was "just days ahead of Defendants' deadline to file a motion to dismiss the First Amended Complaint" (Doc. 62, at n.9) – Plaintiffs filed their Second Amended Complaint (Doc. 42). According to Defendants, this amendment, which was unopposed by Defendants, "moot[ed] Defendants' nearly complete" dispositive motion. (Doc. 62, at n.9.)

Defendants filed their next Motion to Dismiss Plaintiffs' Second Amended Complaint on May 23, 2024 (Doc. 49). The undersigned held a status conference on June 11, 2024, during which Plaintiffs' counsel suggested an intent to move to again amend the Complaint. On June 27, 2024, Plaintiffs filed their next motion to amend (Doc. 57). Defendants noted that their then-pending dispositive motion "again … will be mooted if the Court grants the Motion" to Amend. (Doc. 62, at n.9.)

Plaintiffs sought to "add allegations and claims related to Defendants breach of fiduciary duty of loyalty, among other claims, related to [the Plans'] use of forfeited funds to reduce each company's respective contributions to the plans." (Doc. 57, at 2 (citing Doc. 57-1, Proposed Third Amended Complaint, at ¶¶ 282-302, 325, 338, 351, 363, 367-402).) Defendants opposed Plaintiffs'

requested amendments on the basis of undue prejudice, undue delay, and futility. (*See generally* Doc. 62.) The motion was ultimately granted by the undersigned Magistrate Judge on August 14, 2024 (Doc. 64), resulting in Plaintiffs filing their Third Amended Class Action Complaint on August 19, 2024.) As mentioned above, this remains the operative Complaint. The included claims are enumerated at page 2, *supra*.

C.    **Defendants' Pending Motion to Dismiss.**

Currently pending before the District Court is Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint. (Docs. 71, 72.) Defendants generally deny Plaintiffs' allegations and argue that the Investment Claims and Forfeiture Claims are meritless, denying any wrongdoing. Defendants contend Plaintiffs' Investment Claims fail because the investments in the Plans were prudent and Defendants did not breach any fiduciary duty. Defendants contend the Forfeiture Claims fail because the conduct challenged by Plaintiffs is settlor, not fiduciary; the use of forfeited funds as contemplated by the Plans does not breach fiduciary duties; Plaintiffs cannot establish either a prohibited transaction or a removal or diversion of plan assets; and Defendants did not breach any duty to monitor or any other fiduciary duty. (*See generally* Defendants' Motion to Dismiss (Docs. 71, 72).)

D.    **Present Motion to Stay.**

In the present motion, Defendants request the undersigned Magistrate Judge enter a stay of discovery pending the District Court's resolution of their dispositive motion. (Doc. 80.) Defendants contend their dispositive motion "will dispose of Plaintiffs' Complaint in its entirety." (Doc. 81, at 1.) Defendants also contend that facts sought via discovery will not impact the resolution of the dispositive motion and discovery would be wasteful and burdensome. (*See generally id.*) Plaintiffs oppose the requested stay, arguing "Defendants have not met their burden of making a strong showing that this case is so exceptional, and the circumstances are so extreme, to warrant

departure from this district's general policy and prior decisions to allow discovery to proceed when a dispositive motion is pending." (Doc. 86, at 5.)

## II.    Legal Standard.

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 222CV02421JWBKGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to

clearly show a compelling reason for the issuance of a stay").

## III.    Analysis.

Defendants first assert that the case should be stayed pending a ruling on the dispositive motion because they "believe that the instant case is likely to be concluded as a result of the ruling on the Motion to Dismiss." (Doc. 81, at 3.) Plaintiffs disagree, responding that "Defendants broadly assert that, *if* granted, their motion to dismiss would dispose of Plaintiffs' claims, without any attempt to show that the relevant motion is *likely* to be granted." (Doc. 86, at 3 (emphasis in original).) Plaintiffs continue that they have "asserted legitimate and meritorious claims and believe Defendants' ill-conceived motion to dismiss should be denied." (*Id.*) Defendants reply that "the Court does <u>not</u> need to 'state an opinion as to the validity of defendant's motion to dismiss … .'" (Doc. 95, at 2 (citing *Tomes v. Loancare, LLC*, No. 22-2421, 2023 WL 2784844, *1 (D. Kan. April 5, 2023) (citation omitted) (emphasis in original)).)

While the Court's analysis may not require it to review the briefing related to the pending dispositive motion, the Court, in this instance, has done so. Plaintiffs' response to Defendant's dispositive motion presents numerous counter arguments that could potentially have merit. (*See generally* Doc. 87.) As a result, the Court is not confident that the case will be fully resolved via the pending motion to dismiss.

To be clear, the Court does not presume to predict how the District Judge will rule on the motion. Rather, the Court is merely pointing out that Plaintiffs raise viable counter arguments against dismissal at this early stage in the litigation. The Court does not view the pending motion to dismiss as any more or less meritorious than the numerous other motions to dismiss that are filed in this District on a regular basis. As such, the Court cannot conclude that the District Judge's ruling will likely resolve the case. *KetoNatural Pet Foods*, 2024 WL 4274891, at *2 (reaching same conclusion when considering similar arguments).

Defendants next argue that the second factor also supports the entry of a stay because "discovery would have no impact" on the pending dispositive motion. (Doc. 81, at 4.) Defendants continue that a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "does not involve consideration of documents other than those referenced in the complaint, and Plaintiffs' response to the pending motion is due to be filed before any discovery could be requested and due in any event. Therefore, any discovery conducted at this stage would have no bearing on the pending motion." (Doc. 81, at 4 (citations omitted).) Plaintiffs respond that "[s]uch documents will provide further factual support for Plaintiffs' claims and undermine Defendants' arguments in their motion to dismiss. Thus, it may be the basis for a motion for leave to amend the complaint to conform to these additional facts, thereby affecting the resolution of the dispositive motion." (Doc. 86, at 4.) Defendants reply that Plaintiffs' "argument that they could theoretically learn facts in discovery and use such information to file another amended complaint is both speculative and untethered to the motion to stay standard." (Doc. 88-1, at 4.) Defendants have failed to establish that any potential discovery sought by Plaintiff would have no impact the pending dispositive motion.

This brings the Court's analysis to the final factor – that "discovery at this point would be wasteful and burdensome." (Doc. 81, at 4.) According to Defendants, "[a]ny discovery requests made at this time would require Defendants to expend time and effort collecting documents and preparing responses, which will be unnecessary if the Court grants their pending motion." (Doc. 81, at 4 (citation omitted).) Plaintiffs argue that Defendants "assertion that discovery will be wasteful and burdensome is nothing more than broad and unsupported speculation." (Doc. 86, at 4.) Defendants reply that the operative Complaint

> implicates three employee benefit plans [and] … every plan has a recordkeeper and often at least one investment advisor from whom discovery would be needed. Further, every plan potentially implicates hundreds or thousands of potential putative class members, about whom discovery presumably would be sought. Commencing expansive, class-based discovery regarding multiple plans with various

> service providers would be wasteful and burdensome where the case
> would be fully resolved upon a granting of the pending motion to
> dismiss.

(Doc. 88-1, at 4.)

Defendants do not identify any clearly defined and serious injury beyond the burden expected with this litigation. The time and resources that routinely come from litigation do not, on its own, justify a stay. *See Green v. Blake*, No. 18-2247-CM, 2020 WL 618602, at *2 (D. Kan. Feb. 10, 2020). Simply stated, Defendants have not demonstrated that participating in discovery would be wasteful or burdensome enough to warrant the requested stay.

Should Defendants find that particular discovery requests (or categories of discovery requests) present an undue burden on them, they are not foreclosed from seeking a protective order from the Court. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *3 (D. Kan. Apr. 27, 2021). Should this situation arise, Defendant is directed to meet and confer with Plaintiff to see if the parties can reach an agreement on whether the specific discovery can be delayed until after a ruling on the motion to dismiss.[1] *See* D. Kan. Rule. 37.2. Further, Defendants will be required to comply with D. Kan. Rule 37.1 and contact chambers for the undersigned Magistrate Judge to arrange a telephone conference with opposing counsel and the undersigned prior to filing any discovery-related motion. That stated, the Court is not inviting broad-reaching motions for protective orders and would not look favorably at any such requests. The Court is only mentioning this in the event there are particular areas of requested discovery that are too onerous to undertake unless and until the court rules its motion to dismiss.

---

[1] The parties are encouraged to confer regarding the scope of discovery at this stage and, if possible, propose discovery limitations in the parties draft Scheduling Order to be submitted to the Court (discussed infra).

Defendants have not met their burden to demonstrate that this is an exceptional case that warrants a stay. The Court finds that Plaintiffs have a right to see this case proceed in a timely manner.

**IT IS THEREFORE ORDERED** that Defendants motion to stay discovery (Doc. 80), is **DENIED**. The Court will subsequently set this case for a scheduling conference.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed Scheduling Order to the Court no later than **December 6, 2024**, using the form found on the District of Kansas website. The Court will set this case for a Scheduling Conference in a contemporaneously filed text Order on CMECF.

**IT IS SO ORDERED.**

Dated November 19, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge