**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAY MIDDLETON, individually and on behalf of others similarly situated, on behalf of Amentum 401(k) Retirement Plan, on behalf of DynCorp. International Savings Plan, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMENTUM GOVERNMENT SERVICES PARENT HOLDINGS, LLC, *et al.*,<br><br>Defendants. | Case No. 23-2456-EFM-BGS |

**MEMORANDUM AND ORDER GRANTING**
**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF**
**MOTION FOR CLASS CERTIFICATION**

Now before the Court is Defendants' Motion to Stay Discovery Pending Resolution of Plaintiffs' Motion for Class Certification. (Doc. 190.) Plaintiffs oppose the motion, arguing that Defendants have not shown a compelling reason for a stay (Doc. 194) and Defendants have replied (Doc. 195). For the reasons set forth below, Defendants' Motion (Doc. 190) is **GRANTED**.

## I. Factual Background.

The currently operative Complaint is Plaintiffs' Third Amended Class Action Complaint. (Doc. 65.) The case alleges a putative class action under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA") on behalf of the individually named Plaintiffs (Jay Middleton and George A. Lawrence), as well as the Amentum 401(k) Retirement Plan, the DynCorp International Savings Plan ("the Amentum Plan," the "DynCorp Plan," or collectively "the Plans), "and all others similarly situated[.]" (*Id.*, at 1.) Plaintiffs bring this case against Defendants, as fiduciaries of the Plans, "for breaches of their fiduciary duties during the Class Period (defined as the six-year period preceding the filing of the original Complaint in this case through the date of

judgment)." (*Id.*, at 3.) Specifically, Plaintiffs assert that Defendants' breached their fiduciary duties by selecting overpriced investment options which cost the plan and its participants millions of dollars.

This case was filed in October 2023 and has a lengthy procedural history involving numerous delays, which the Court need not recount here. The Court's phase one scheduling order focused on class-certification discovery, with the parties reserving merits-based discovery until after the motion for class certification was filed. Doc. 104. Plaintiff filed their motion for class certification on March 25, 2026, and it remains pending before the District Judge. On May 11, 2026, the parties jointly contacted the undersigned's chambers requesting a telephone conference to discuss whether merits-based discovery should proceed while the class-certification motion remains pending. *See* Doc. 186. The Court convened that conference on May 20, 2026. Because the parties were unable to reach an agreement, the Court set a June 8, 2026, deadline for Defendant to file a motion to stay discovery pending resolution of the class-certification motion. Doc. 189.

Defendants timely filed the present motion, asserting that the outcome of the class certification motion will impact the overall scope of discovery under Rule 26, and that defendants should not be subjected to irrelevant, non-proportional discovery that would cause them to incur substantial costs they would not otherwise face. Plaintiffs respond that the Court should permit full merits-based discovery because, regardless of whether the class is certified, Plaintiffs may pursue plan-wide relief under ERISA. Accordingly, Plaintiffs contend that the scope of discovery is not affected by the outcome of the pending class certification motion.

**II. Analysis.**

Federal courts have broad discretion to manage their dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes the decision to stay discovery; however, such stays should only be granted under " 'the most extreme circumstances.' " *Cetin v. Kansas City Kansas Cmty. College*, No. 23-2219-

KHV-TJJ, 2023 WL 8188599, at *1, (D. Kan. Nov. 27, 2023) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). The party seeking to stay discovery "bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016).

"The decision to stay discovery is incidental to the Court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Englund v. Kansas*, No. 25-2632-TC-BGS, 2026 WL 309032, at *2 (D. Kan. Feb. 5, 2026) (quoting *Landis v. North. Am. Co.*, 299 U.S. 248, 254 (1936)). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis*, 299 U.S. at 254-55). Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F. R. D. 145, 148 (D. Kan. 1990).

"[T]he general policy in this district is not to stay discovery based on the pendency of dispositive or other motions, even though they may have a significant bearing on the case." *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007) (citation omitted). That said, a stay may be appropriate when pending motions "may result in either a vast expansion or vast reduction of the claims, parties and issues in th[e] case." *Bass v. PJCOMN Acquisition Corp.*, No. 09-1614-REB-MEH, 2010 WL 3926058, at *1 (D. Colo. June 18, 2010). Any resulting stay, however, must be kept within the "bounds of moderation." *Landis*, 299 U.S. at 254.

Class certification motions are the type that may fall within this exception given that the certification decision has the potential to fundamentally reshape the case. "The issue of class certification is typically resolved at a relatively early stage in the litigation to avoid unnecessary discovery expenses in the event a class is not certified." *Spieker v. Quest Cherokee, LLC*, No. 07-1225-

EFM-KMH, 2008 WL 4758604, at *2 (D. Kan. 2008). "Courts may limit discovery in putative collective and class actions where certification issues have not yet been resolved." *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 432 (D.N.M. 2022).

The claims at issue in this case arise under ERISA § 502(a)(2), (codified at 29 U.S.C. § 1132(a)(2)), which provides that a beneficiary or participant may bring a civil action for relief under section 1109 (section 409 of ERISA). Section 409(a) establishes fiduciary liability resulting from a breach of ERISA-imposed duties as to an ERISA-governed plan, and requires a breaching fiduciary to "make good to such plan any losses resulting from each such breach." *See id.*, § 1109(a).

The parties dedicate substantial briefing to the question of what plan-wide relief, if any, an individual plaintiff may seek should the class certification motion be denied, and what impact that has on the scope of discovery going forward. Plaintiffs argue that even if the class certification motion is denied, they can proceed in a representative capacity and seek plan-wide relief on behalf of all participants in the plan, meaning the scope of discovery remains substantially the same under either outcome. Defendants argue that because this litigation arises under a defined contribution plan, denial of certification would limit the individual plaintiffs to relief tied to their own accounts, which would narrow the scope of discovery considerably. The Court notes that there is no 10th Circuit authority, and the parties cite none, addressing the appropriate scope of recovery should the motion for class certification be denied. Further, this question is closely intertwined with the issues raised in the motion for class certification and the undersigned will not speculate on the outcome of that motion.

The Court recognizes the goal of Fed. R. Civ. Proc. 1 is to "secure the just, speedy, and inexpensive determination of every action and proceeding" and that this case has been pending for nearly three years. Ordinarily, that history would weigh against further delay. Here, however, the gap between the parties' competing positions on the permissible scope of merits discovery is not a

marginal one. Presumably, Plaintiff will seek discovery reaching the plan as a whole and every participant therein. Defendant will argue that discovery should be confined to the two individual plaintiffs and the specific funds in which they invested. The scope of the claims, and any corresponding discovery, will likely be impacted by the Court's ruling on the pending motion for class certification. Further, permitting discovery to proceed at the current juncture would not advance the case efficiently as it would likely generate discovery disputes and objections, which would require the Court's intervention to resolve these issues. This is exactly the type of situation that Rule 1 is designed to avoid. *See e.g. Coe v. Cross-Lines Retirement Center, Inc.*, 342 F.R.D. 539 (2022) holding that courts should avoid determinations that " 'would invite additional discovery disputes and undermine Fed. R. Civ. P. 1's directive to construe the Rules to advance the just, speedy, and inexpensive determination of cases.' " (citing *Fish v. Kobach*, No. 16-2105-JAR-JPO, 2017 WL 1373882, at *7 (citation omitted)).

Under these circumstances, the Court exercises its broad discretion to stay merits-based discovery pending a ruling on the motion for class certification, finding this is the prudent course of action in the interest of judicial economy. As such, Defendants' motion to stay is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (Doc. 191) is **GRANTED**.

IT IS FURTHER ORDERED that the parties are to submit a status report within 14 days of the ruling on the motion for class certification advising the Court of the outcome, anticipated next steps in the litigation, and a proposed schedule for remaining discovery. Upon review of the status report and proposed schedule, the undersigned Magistrate Judge will either enter a schedule or set this matter for a telephone conference.

**IT IS SO ORDERED.** Brooks G. Severson

Dated August 24, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge